HILBURN v. CITIZENS' MUTUAL AUTOMOBILE
INSURANCE COMPANY.

1. INSURANCE—AUTOMOBILE POLICY—SPECIAL INDORSEMENT AS TO
OPERATING AND RIDING IN OTHER CARS.

A special indorsement of an automobile insurance policy where-
by policy was extended to cover the assured for damages
resulting from any accident while he was "driving, or rid-
ing in, any automobile of the private passenger type with
the permission of any person having the right to grant
such permission" except his own car covers damages for
personal injuries sustained by the assured while he was
operating another person's car with such other person's
permission.

2. SAME—CONSTRUCTION OF POLICY.

The language chosen by the insurer in an automobile insurance
policy and used by it in a special indorsement must be given
a construction most favorable to the assured.

3. SAME—TECHNICAL CONSTRUCTION NOT FAVORED.

A technical construction of the terms of an automobile insur-
ance policy is not favored and its provisions are liberally
construed in favor of the assured.

4. SAME—CONSTRUCTION OF INDORSEMENT.

A special indorsement to an automobile insurance policy will
be construed to add something to the policy and not be
subject to all of the conditions of the policy, where the word-
ing of the indorsement specifically provides that it is excess
insurance over and above other valid and collectible insurance
and that it was subject to terms and conditions of the policy
not contrary to or inconsistent with the indorsement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  29 Am Jur, Insurance § 966.
[2–4]  29 Am Jur, Insurance §§ 166, 174.

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 6, 1954. (Docket No. 8, Calendar No. 45,541.) Decided June 7, 1954. Rehearing denied September 8, 1954.

Assumpsit by Thomas A. Hilburn against Citizens' Mutual Automobile Insurance Company, a Michigan corporation, upon policy for injuries sustained while driving an automobile other than plaintiff's own. Dismissed on motion. Plaintiff appeals. Reversed and remanded for further proceedings.

*Frank C. Sibley* (*J. Lynn Fewlass*, of counsel), for plaintiff.

*Carl F. Davidson* (*Roy P. Nelson*, of counsel), for defendant.

BOYLES, J. Plaintiff, as the assured, brought suit in the circuit court for Wayne county on a certain policy issued by the defendant company. The court dismissed plaintiff's declaration, on motion by the defendant, on the ground that the policy did not cover the loss which plaintiff sustained. Plaintiff appeals.

The applicable provisions in the policy are as follows:

(The company) "agrees with the assured   *   *   * that the company hereby insures with respect to any one or more of the coverages for which a premium is specified and charged in the schedule of coverages in the declarations, and no others:   *   *   *

"Item 4. Schedule of coverages. The insurance afforded is only with respect to such and as many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shal

be as stated herein, subject to all of the terms of this policy having reference thereto."

The schedule of coverages in the "declarations," after naming the assured, states the following coverage for which a premium is specified and charged in said schedule, and none other:

| "Coverages (as hereinafter defined) | Bodily Injury Liability | | Property Damage Liability | Medical Payments | |
|---|---|---|---|---|---|
| Limits of Liability | $10,000 each person | $20,000 each accident | $5000 each accident | $ each person | |
| Premiums | $20.70 | | $18.00 | $ | $38.70 |

Total Premiums $38.70"

Plaintiff in his declaration relies on a special indorsement on the policy, signed by the president and secretary of the insurer, and which reads as follows:

"Indorsement

"For attachment to and forming part of Policy No V-42238 issued to Thomas A. Hilburn of Detroit 26, Michigan effective as of the 1st day of April, 1950, and to terminate with the policy.

"Named Operator — Limited Form

"(Private Passenger Automobiles)    b38

"In consideration of the premium at which the policy is written it is agreed that the policy, subject to its limitations, covers the named assured, and any person riding with the named assured except the owner of the automobile, for damages resulting from any accident occurring while Thomas A. Hilburn is driving, or riding in, any automobile of the private passenger type with the permission of any person having the right to grant such permission, except an automobile owned in whole or in part by the named assured, or registered in the name of the named assured.

"The provisions of the policy which extend the coverage provided herein to others than the named assured are eliminated except as provided above. no exceptions

"The provisions of the policy in reference to other valid and collectible insurance are eliminated and it is agreed that if there exists, at the time of the accident any insurance taken out by or effected on behalf of any one other than the assured and under the terms of which the assured is entitled to protection and coverages, then the coverages provided by this indorsement shall be excess insurance over and above the amount of such other valid and collectible insurance.

"This indorsement is subject to all the terms, conditions and exclusions of the above numbered policy which are not contrary hereto or inconsistent herewith.

"In witness whereof, the Citizens' Mutual Automobile Insurance Company has caused this indorsement to be signed by its president and secretary at Howell, Michigan, this 5th day of Apr. 1950.

"WM. E. ROBB                    "GEORGE J. BURKE
      Secretary                          President
"Not valid unless countersigned:

   "LULA FAY
      "Authorized Signature."


   Plaintiff's declaration alleges that plaintiff sustained damages. consisting of serious personal injuries from an accident while driving a private passenger automobile not owned by him or registered in his name, but with permission, and otherwise as set forth in said special indorsement.

   Plaintiff's declaration further alleges that the duly authorized representative of the defendant, at the time of the issuance of said policy, represented to plaintiff that he was insured against personal injuries as damages resulting from an accident in the

manner above set forth. Plaintiff claims that the insuring provisions of the indorsement are typed in and that said indorsement was prepared by the defendant.

Plaintiff seeks recovery under the terms of said special indorsement for the damages so received by him, and contends that the wording of the indorsement should be given its plain meaning, and that the indorsement supersedes the standard provisions of the policy.

The precise question here is whether the special indorsement covers damages for the personal injuries claimed by the plaintiff. We hold that it does. It specifically covers damages to the assured resulting from any accident occurring while the assured was driving or riding in any automobile of the private passenger type, with permission, et cetera. Plaintiff's declaration specifically alleges circumstances under which the defendant insurer by the special indorsement has agreed that such damages are covered by the policy. The language chosen by the insurer and used in the special indorsement must be given a construction most favorable to the assured. A technical construction is not favored, and its provisions are liberally construed in favor of the assured. *Pietrantonio* v. *Travelers Insurance Company of Hartford, Connecticut*, 282 Mich 111; *DeLand* v. *Fidelity Health & Accident Mutual Insurance Co.*, 325 Mich 9; *Van Zanten* v. *National Casualty Co.*, 333 Mich 28.

Appellee argues that this is a "liability" policy and that the insurer under the terms of the policy is bound to pay only such sums as the assured should become legally obligated to pay as damages because of bodily injury sustained by another person. If this were true, there would have been no need for the special indorsement. The "liability," if construed as appellee claims it should be, would exist under

the express terms of the policy, without the special indorsement. The policy itself (insuring agreements, § 2, subd 1) provides:

*"Liability for Bodily Injury*

"To pay on behalf of the assured all sums which the assured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Obviously, this refers to payment by the insurer to others to whom the assured becomes liable. The special indorsement, unless meaningless, adds something more than that, to the policy. Appellee also claims that the indorsement is subject to all of the conditions of the policy itself. The wording of the indorsement negatives the claim.

Reversed and remanded for further proceedings. Costs to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.