FREEMAN

*v.*

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

1. INSURANCE—INSURANCE POLICY—CONSTRUCTION—FAVORABLE TO INSURED.

The language chosen by the insurer in an insurance policy must be given a construction most favorable to the insured.

2. INSURANCE—CERTIFICATE OF INSURANCE—CONSTRUCTION—FAVORABLE TO INSURED.

A certificate of insurance prepared by the insurer and issued to the insured must be given a construction most favorable to the insured.

3. INSURANCE—CERTIFICATE OF INSURANCE—RELIANCE—QUESTION OF FACT.

Claim that the plaintiff and the decedent-insured relied on the statement in a certificate of insurance, issued by the insurer, concerning the amount of coverage and that the master policy, claimed to state a different amount of coverage, was in the possession of the insured's employer and never seen by the plaintiff or the decedent-insured raised a question of fact as to the plaintiff's and decedent's reliance and made summary judgment improper.

4. FRAUD—SCIENTER—NECESSITY.

Proof of *scienter* is not necessary to maintain an action for fraud; a mistake of fact, even though made in good faith will permit the party who relied upon the statement to recover.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur 2d, Insurance §§ 257–305.
[3, 5, 7] 44 Am Jur 2d, Insurance §§ 1868–1896.
[4, 5] 37 Am Jur 2d, Fraud and Deceit § 197 *et seq.*
[6] 38 Am Jur, Negligence §§ 104–108.
[7] 43 Am Jur 2d, Insurance § 176.
[8] 41 Am Jur, Pleading §§ 340–343.

5. INSURANCE—AMOUNT OF COVERAGE—FRAUD—QUESTION OF FACT.

Plaintiff's claim that the defendant insurer committed fraud and deceit by recklessly, carelessly, and negligently failing to inform plaintiff's decedent, the insured, that a statement in a certificate of insurance, issued by the insurer to the plaintiff's decedent, concerning the amount of insurance coverage was erroneous and that the defendant insurer had acquired knowledge of the error, had sufficient time to inform the decedent of the error, and knew that the certificate would be relied on by those claiming an insurable interest in the decedent's life created a question of fact and could not be disposed of by summary judgment.

6. NEGLIGENCE—INNOCENT PARTIES—BURDEN OF LOSS.

A loss must rest on the one who caused it, where one of two innocent parties must suffer a loss occasioned by the negligence of one of them.

7. INSURANCE—COVERAGE—NEGLIGENCE—BURDEN OF LOSS.

An insurer, if it, in a certificate of insurance, issued to the insured, negligently stated more coverage than was provided by the policy, retained by the insured's employer and never seen by the insured, is liable for the loss it caused, even though the insurer's intentions may have been honest.

8. JUDGMENT—SUMMARY JUDGMENT—PROPRIETY.

Summary judgment is not a substitute for fact-finding and the proceedings in connection with summary judgment are not a substitute for trial (GCR 1963, 117).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 April 9, 1970, at Grand Rapids. (Docket No. 8,078.) Decided October 29, 1970.

Complaint by Sandra Freeman against Massachusetts Mutual Life Insurance Company to recover on a policy of life insurance. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for trial.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (J. Walter Brock, of counsel), for plaintiff.*

*Varnum, Riddering, Wierengo & Christenson (F. William Hutchinson, of counsel), for defendant.*

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

HOLBROOK, P. J. This is an appeal from grant of summary judgment for defendant, Massachusetts Mutual Life Insurance Company, a foreign corporation doing business in this state, and from denial of a similar motion filed by plaintiff. Both motions were filed pursuant to GCR 1963, 117.2(3). Involved herein is the question of the extent of defendant insurer's monetary liability on a group life insurance plan, under which a policy was issued to Shellcast, Inc., of Shelby, Michigan, as policyholder, providing insurance coverage to Shellcast's employees. Plaintiff, Sandra Freeman, widow of Terry L. Freeman, commenced this action in Muskegon County Circuit Court for benefits allegedly due from defendant under the policy in question.

Plaintiff's decedent was employed at Shellcast, Inc., and was enrolled in the group insurance plan. The plan, which was in full force and effect at the time of decedent's accidental death, October 7, 1966, provided coverage for employees, such as decedent, including life insurance and accidental death and dismemberment benefits. The "group policy" is not a part of the record on appeal. There is no indication from the record as to whether the group policy was ever seen by Shellcast's employees, aside from plaintiff's claim that the group policy was retained in Shellcast's files and that the only evidence of the insurance coverage seen by employees

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of Shellcast was a "certificate" issued to each employee upon enrollment in the group plan. Defendant, claiming to be without knowledge as to whether the employees saw the group policy, states that it did furnish such a policy as well as employee certificates to the policyholder, Shellcast, Inc.

Plaintiff's decedent's certificate of insurance coverage, which is a part of the record, was issued to him effective July 22, 1966, and provided $5,000 life insurance and $5,000 accidental death coverage. The record contains affidavits of plaintiff and decedent's mother which reveal that in August, 1966, plaintiff and decedent discussed their family protection plans and determined that the amount of decedent's coverage issued by defendant and through Shellcast, Inc., as disclosed by the certificate, when coupled with plaintiff's own life insurance coverage, was sufficient; and that decedent, in September 1966, had informed his mother, upon inquiry by her, that it was not his present intention to purchase more life insurance in view of his coverage provided by the $10,000 policy at Shellcast, Inc.

Defendant asserts that, due to a clerical error in plaintiff's decedent's certificate, the amount of insurance coverage actually afforded him pursuant to the group insurance plan, as apparently specified in the schedule contained in the group policy, was inaccurately stated in the certificate and that, in accord with his employment status, plaintiff's decedent was entitled to only $4,000, rather than $10,000, in total benefits. The claimed error in the certificate was allegedly brought to defendant's attention by Shellcast, Inc., on September 6, 1966. *The plaintiff's decedent, however, was never notified of the certificate error, nor was a new corrected*

*certificate issued to him.* The record indicates that no changes were made in the group policy or in the employee certificate from the date of issuance of the group policy, August 4, 1965, to the date of plaintiff's decedent's death.

Plaintiff seeks recovery of benefits from defendant in the amount of $10,000, as specified in decedent's certificate of insurance. Defendant has admitted liability to plaintiff of $4,000, but has refused to pay the full amount specified in the certificate.

The issue to be determined is as follows:

*Did the trial court commit error in granting defendant's motion for summary judgment, pursuant to which it was determined, as a matter of law, that defendant's obligation to plaintiff under the policy in question would be discharged by the payment to plaintiff of $4,000?*

Plaintiff's original complaint alleges in substance that, pursuant to the terms of the contract of insurance executed between defendant insurer and plaintiff's decedent's employer, Shellcast, Inc., plaintiff is entitled to benefits in the total amount of $10,000 ($5,000 life insurance and $5,000 accidental death and dismemberment benefits). This contention is based upon CL 1948, § 500.4438 (Stat Ann 1957 Rev § 24.14438) which states in part:

"There shall be a provision that the company will issue to the employer for delivery to the employe, whose life is insured under such policy, *an individual certificate setting forth a statement as to the insurance protection to which he is entitled, * * * .*" (Emphasis supplied.)

Plaintiff's amended complaint alleges (1) detrimental reliance, in that plaintiff and decedent, in reliance upon the representations contained in his em-

ployee certificate, did not obtain additional life insurance, so that defendant is equitably estopped to deny that the terms of the certificate control the amount of insurance provided by the group policy; and (2) fraud and deceit, based on the contention that defendant, after acquiring knowledge of the certificate error, having had sufficient time to inform decedent that it would pay only $4,000 to his widow in the event he met with accidental death, and with knowledge that the certificate would be relied upon by those claiming an insurable interest in decedent's life, "recklessly, carelessly and negligently failed to inform Terry Freeman that the statements made in the employee's certificate were false, and that it would not honor the terms of the employee's certificate", whereby injury was sustained by plaintiff. See *Rose* v. *Wertheimer* (1968), 11 Mich App 401, 404.

Defendant, in answer to plaintiff's original complaint, denied liability in the amount of $10,000, averring that the group insurance policy issued to Shellcast, Inc., specified liability totalling $4,000, statements in the employee certificate to the contrary notwithstanding. No answer to plaintiff's amended complaint was filed by defendant. On appeal, defendant maintains that, under an employer's group life insurance policy, where an insurance certificate given to the insured employee fails to state the correct amount of coverage, the insurer's liability is controlled by the contents of the "group policy" rather than by the certificate. In support of this contention defendant cites CL 1948, § 500.4434 (Stat Ann 1957 Rev § 24.14434) which states in part:

"There shall be a provision that the policy, the application of the employer and the individual ap-

plicants, if any, of the employes insured, shall constitute the entire contract between the parties."

Defendant also cites several Michigan cases for the proposition that, while an employee's certificate is not a part of the contract of insurance between employee and insurer, *Germain* v. *Aetna Life Insurance Co.* (1938), 285 Mich 318; *Chrysler Corporation* v. *Hardwick* (1941), 299 Mich 696; *General American Life Ins. Co.* v. *Wojciechowski* (1946), 314 Mich 275, the provisions of the master policy are a part of the contract and may be invoked by a beneficiary under the certificate issued to the insured employee, *Rothermel* v. *Aetna Life Ins. Co.* (1936), 275 Mich 425; *Rusanda* v. *Aetna Life Insurance Company of Hartford, Conn.* (1937), 280 Mich 563.

Further, defendant maintains that, in regard to plaintiff's allegations of detrimental reliance and fraud and deceit, as set forth in her amended complaint filed on the date set for hearing of the parties' motions for summary judgment, plaintiff is not entitled to recovery; that, on the basis of *Ruddock* v. *Detroit Life Insurance Co.* (1920), 209 Mich 638, *Henne* v. *Glens Falls Insurance Co.* (1929), 245 Mich 378, and *Munro* v. *Boston Insurance Company* (1963), 370 Mich 604, the doctrine of estoppel is not applicable where forfeiture is not an issue and contest is over expansion of the terms of the policy; that plaintiff failed to allege that a material misrepresentation by defendant to decedent was made with the intention that plaintiff act in reliance upon it, in accord with the definition of actionable fraud as set forth in *Rose* v. *Wertheimer, supra;* and that, in any event, defendant's misrepresentation was unintentional.

The circuit court considered plaintiff's original and amended complaints and granted defendant's

motion for summary judgment as to both, holding that, on the basis of *Germain* v. *Aetna Life Insurance Co., supra,* the employee's certificate cannot be relied on to establish any contractual rights; that the error in the certificate and the failure of defendant to correct the error prior to the death of plaintiff's decedent did not constitute such negligence as would entitle the court to reform the contract between the parties and enlarge the benefits called for in the master policy; and that no intentional fraud or deceit had been practiced upon plaintiff which would merit recovery of the additional $6,000 specified in the certificate.

The *Germain* case, and other cases cited by defendant and heretofore referred to, have expressly held, in factual contexts differing from the facts of the case at hand, that the certificate issued to an employee is not a part of the contract of insurance.

We note that the employee certificate issued to plaintiff's decedent is a detailed document consisting of 50 pages and containing all of the parts of an actual policy of insurance. The certificate contains the following statement on its cover:

"This certificate is * * * evidence of the employee's insurance under the Group Policy. All matters pertaining to such insurance are subject to the terms and conditions of said Group Policy.

"The amount(s) of Insurance for which the employee shall be insured shall be in accordance with the Schedule of Insurance contained herein and any changes in such amount(s) shall be in accordance with the terms of the Group Policy".

On the next page of the certificate, under the heading "Schedule of Insurance", and preceding the statement of benefits to which the insured is entitled, there appears the following statement:

"Subject to all of the provisions of this certificate, the employee named is insured for the benefits specified herein".

The confusing phraseology of the certificate, as evidenced by the foregoing provisions, would appear to justify reliance by the certificate holder upon the terms embodied there, in view of the rule that the language chosen by the insurer in an insurance policy must be given a construction most favorable to the insured. *Hilburn* v. *Citizens' Mutual Automobile Insurance Company* (1954), 339 Mich 494. The interpretation of a certificate of insurance prepared by the insurer and issued to the insured must necessarily be governed by the same rule of construction.

Plaintiff's claim that the master policy, in possession of the policyholder, Shellcast, Inc., was never seen by the employees, including plaintiff's decedent, and that plaintiff and decedent relied upon the specific statement in the terms of the certificate showing the amount of coverage which was in decedent's possession, raises a question of fact as to reliance which should not have been disposed of summarily. *Ayers* v. *Genter* (1962), 367 Mich 675; *Renfroe* v. *Higgins Rack Coating & Manufacturing Company, Inc.* (1969), 17 Mich App 259. The circuit court stated in its opinion:

"There is nothing in the record * * * to indicate that the deceased was aware of the fact that his certificate obviously contained a typographical error."

A similar question arose in the case of *Hetchler* v. *American Life Insurance Co.* (1934), 266 Mich 608, where the insurance company made a mistake in the computation of extended insurance. The policy properly construed would have required a denial

of relief to the plaintiff. The insurance company notified the insured by letter of the extended insurance based upon the improper computation. The Court there stated at p 613 as follows:

"The sole question on appeal is whether the company is estopped from denying its liability under the circumstances.

" 'It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts.' *Kole* v. *Lampen* (1916), 191 Mich 156.

"The fact that the representations of the company here relied upon were not made fraudulently, but were due solely to a mistake in computation, does not operate to prevent the raising of an estoppel. It is commonly held that although the party making the representations was ignorant or mistaken as to the real facts, if he was in such a position that he ought to have known them, ignorance or mistake will not prevent an estoppel. 2 Pomeroy's Equity Jurisprudence (4th ed), § 809, p 1660; 10 RCL, p 695; *Westerman* v. *Corder* [1912], 86 Kan 239 (119 P 868, 39 LRA [NS] 500; Ann Cas 1913 C, 60); *Ward* v. *Cameron* (Tex Civ App, 1903), 76 SW 240. In the instant case defendant had all the facts and figures before it from the time of the first letter to the insured until his death, almost six years later. Under the circumstances, the error was the result of defendant's own negligence, and knowledge of the real facts must be imputed to the company."

Defendant here claims that it made a similar mistake in its certificate to plaintiff's decedent by inserting that plaintiff's decedent was entitled to

$5,000 life insurance and $5,000 accidental death benefits under the master policy. It is possible that premiums on the group life insurance plan in question were, in fact, paid to defendant insurer in an amount which would have entitled plaintiff's decedent, in any event, to the coverage specified in his certificate of insurance, *i.e.*, $10,000.

We further find that plaintiff's allegation of fraud constitutes an issue of fact for the jury to determine and, therefore, should not have been determined by the trial judge as a matter of law. The law in this state is that a cause of action can be maintained for fraud even without proof of *scienter*. That is, a mistake of fact, even though made in good faith, will permit the party who relied upon the statement to recover, because "the defendant, in consideration of what he did receive, understood that he should make good any loss caused plaintiff by relying upon the false representation". *Aldrich* v. *Scribner* (1908), 154 Mich 23, 31; *Kroninger* v. *Anast* (1962), 367 Mich 478; *Irwin* v. *Carlton* (1963), 369 Mich 92.

We also observe that if, in fact, the error as to insurance coverage as specified in the certificate issued to plaintiff's decedent was the result of negligence on the part of defendant, the following statement in 9 Callaghan's Michigan Civil Jurisprudence, Estoppel, § 25, p 31 is applicable:

"Where one of two innocent parties must suffer a loss occasioned by the negligence of one of them, the loss must rest on the one who caused it, however honest his intentions may have been".

The question of negligence on the part of defendant is, likewise, one of fact. *Ingram* v. *Henry* (1964), 373 Mich 453, 457.

Summary judgment is not a substitute for fact-finding and the proceedings in connection therewith

are not a substitute for trial. *Tobin* v. *General Motors Corporation* (1969), 17 Mich App 475.

Having determined that the circuit court committed error in granting defendant's motion for summary judgment, we reverse and remand this case for a trial on the merits.

Costs to plaintiff.

All concurred.