SMILLIE v TRAVELERS INSURANCE COMPANY

Docket No. 48343. Submitted November 12, 1980, at Detroit.—Decided December 18, 1980.

Helen V. Smillie is the beneficiary under a group life insurance policy on her late husband, Charles M. Smillie II. A provision for increased benefits went into effect shortly before Mr. Smillie's death, but the insurer, Travelers Insurance Company, contends that the provision never went into effect as to Mr. Smillie. Mrs. Smillie brought an action against Travelers to compel payment of the increased benefits. The Oakland Circuit Court, Richard D. Kuhn, J., entered a judgment of no cause of action, finding that the language of the policy required the decedent to have been actively at work at his customary place of employment in order for the additional coverage to take effect as to the decedent. Mr. Smillie was confined to a hospital in Florida from prior to the effective date of the coverage until his death four days after that date. Plaintiff appeals. *Held:*

Under the insurance policy, the decedent had to meet two specific requirements to be covered by the increased coverage: 1) he had to be "actively at work performing all of the duties of his employment", and 2) he had to be performing his work "at his customary place of employment". The increased benefits never became effective as to Mr. Smillie because of his confinement in the hospital. The trial court's finding that Mr. Smillie was not "actively at work" on or after the effective date of the increased coverage was not clearly erroneous.

Affirmed.

BRONSON, P.J., concurred in the result only.

1. INSURANCE — CONSTRUCTION OF INSURANCE POLICY — EXCLUSIONS.

Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein, and, where

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 43 Am Jur 2d, Insurance §§ 257, 265, 279.
[2] 43 Am Jur 2d, Insurance §§ 271, 272.
[3] 44 Am Jur 2d, Insurance §§ 1871, 1880.
Effective date of group life insurance as to individual policies of employees. 66 ALR3d 1175.

drafted by the insurer, construed in favor of the insured in order to uphold coverage; the same rule applies to exclusions in the policy, which the insurer has a duty to express clearly.

2. INSURANCE — CONSTRUCTION OF INSURANCE POLICY.

Ambiguities in an insurance policy are to be construed liberally in favor of the insured, the court's duty being to ascertain the meaning which the insured would reasonably expect.

3. INSURANCE — EFFECTIVE DATE OF COVERAGE.

A group life insurance policy which became effective as to an employee who was "actively at work performing all of the duties of his employment * * * at his customary place of employment" did not provide coverage to an employee who was confined in a hospital in Florida from prior to the effective date of the policy until his death four days after the effective date of the policy.

*Bacalis & Associates, P.C.,* for plaintiff.

*Law Offices of David J. Capriccioso* (by *Barry M. Kelman),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and CYNAR, JJ.

PER CURIAM. Plaintiff, Helen V. Smillie, appeals of right from the October 26, 1979, judgment of no cause of action entered by the trial judge after a bench trial was held in the within case.

Plaintiff is the beneficiary under a group life insurance policy on her late husband, Charles M. Smillie II. Defendant insurer has paid plaintiff $60,000 in benefits based upon Plan V of this group life insurance policy and this sum is not in controversy. Rather, the present lawsuit seeks to compel defendant to pay plaintiff $40,000 increased coverage on decedent. Defendant contends that the insurance plan (Plan 100), which would have been the basis for the increased benefits, never went into effect as to decedent.

This Court has recently addressed the rules of construction to be applied to insurance contracts:

"Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein. *Michigan Mutual Liability Co v Mesner,* 2 Mich App 350, 353; 139 NW2d 913 (1966). Insurance policies drafted by the insurer must also be construed in favor of the insured to uphold coverage. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62, 64; 250 NW2d 541 (1976). This same rule applies to exclusion provisions in the policy. *Kalamazoo Aviation, Inc v Royal Globe Ins Co,* 70 Mich App 267, 270; 245 NW2d 754 (1976). To be given full effect, an insurer has a duty to clearly express the limitations in its policy. *Francis v Scheper,* 326 Mich 441, 447-448; 40 NW2d 214 (1949), *Union Investment Co v Fidelity & Deposit Co of Maryland,* 549 F2d 1107, 1110 (CA 6, 1977), and *Ornamental Iron & Stair Co v General Accident & Life Assurance Corp, Ltd,* 68 Mich App 259, 263; 242 NW2d 544 (1976). A technical construction of policy language which would defeat a reasonable expectation of coverage is not favored. *Crowell v Federal Life & Casualty Co,* 397 Mich 614, 623; 247 NW2d 503 (1976)." *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767, 777-778; 282 NW2d 472 (1979), *lv gtd* 407 Mich 948 (1979).

Additionally, in *Foremost Life Ins Co v Waters,* 88 Mich App 599, 604; 278 NW2d 688 (1979), this Court stated:

"Any ambiguities are liberally construed in favor of the insured. *Kalamazoo Aviation, Inc v Royal Globe Ins Co,* 70 Mich App 267; 245 NW2d 754 (1976), *lv den* 399 Mich 871 (1977). The court's duty is to ascertain the meaning which the insured would reasonably expect. *Zurich Ins Co v Rombough,* 384 Mich 228, 233; 180 NW2d 775 (1970)."

The trial court held controlling the following clause, contained in a rider to the master policy:

"Each eligible Employee is to be insured, subject to the provisions of subparagraph (2) below:

*   *   *

"II * * *
"(a)
provided that no Employee who is not actively at work performing all of the duties of his employment with the Employer at his customary place of employment on the date his insurance is to become effective shall be insured until he returns to active work and the performance of all such duties."

We agree. See MCL 500.4434; MSA 24.14434, *Germain v Aetna Life Ins Co,* 285 Mich 318; 280 NW 773 (1938). But see, *Freeman v Massachusetts Mutual Life Ins Co,* 27 Mich App 572; 183 NW2d 832 (1970).

Thus, to be covered by the increase in coverage offered by Plan 100, decedent had to meet two specific requirements set out in the paragraph quoted above. He had to be: (1) "actively at work performing all of the duties of his employment"; and (2) performing his work "at his customary place of employment".

The parties did not cite, nor could we locate, any Michigan cases interpreting similar language in an insurance contract.

However, the Wisconsin Supreme Court in *Rabinovitz v Travelers Ins Co,* 11 Wis 2d 545; 105 NW2d 807 (1960), interpreted almost identical language in a similar factual situation to deny coverage to an employee under a group life insurance policy.

The group life policy in *Rabinovitz* provided that no employee who was not actively at work at his

customary place of employment on the date his coverage was to become effective would be insured until he returned to active work. The group policy in question became effective as of March 1, 1958, and the particular employee was confined to a hospital from February 21, 1958, until April 1, 1958, when he died. Under these facts, the Wisconsin Supreme Court held that there was no coverage for the particular employee (whose job consisted of contacting buyers and sellers and supervising others) even though he was not required to do all his work at any particular place and may have performed his duties while in the hospital. In reaching this conclusion, the Wisconsin Supreme Court stated:

"The clause in this group life insurance policy requiring an employee to be actively at work performing all of the duties of his employment at his customary place of employment in order for the insurance to be in effect as to such employee is a condition of the policy because no medical examination was required. The purpose of the clause is to provide a test to determine the reasonably good health of an employee and to exclude an employee in such a poor state of health that he cannot fully perform all his duties at his customary place of employment on the date the policy is to become effective as to him. This is a reasonable requirement. Among the duties of this employee were contacting sellers and buyers and supervising and advising other employees. It is stated that the employee was not required to perform any specific duties and he performed all his duties while in the hospital. Accepting this as true on the motion, the actual claim of the plaintiff is that the employee had no customary place of employment or that place was wherever he happened to be at the moment—in this case, in a hospital. He happened to be there, not because required by his employment or because it was advantageous to his employer, but because of his state of ill-health. To construe the words of the contract to mean that this

employee's customary place of employment was in the hospital, or wherever he happened to be at any given moment, would render the clause in the policy meaningless." 11 Wis 2d 545, 552-553.

We agree with the *Rabinovitz* analysis and hold that plaintiff is not entitled to the increased benefits; Plan 100 never became effective as to decedent because he was confined to a hospital in Florida from May 20, 1977, until his death on June 4, 1977, and the effective date of the increased coverage was June 1, 1977.

On appeal, plaintiff urges that resolution of the instant case turns on the construction given to the phrase "actively at work" as it is used in the certificates, booklets and renewal forms accompanying the policy. However, even if *arguendo* we accept plaintiff's argument that the phrase "actively at work" is the only limitation to effective coverage, plaintiff would still not be successful. This is because the trial court specifically found that decedent was *not* "actively at work" on or after June 1, 1977. Since this finding of fact by the trial court was not clearly erroneous, it must be upheld. GCR 1963, 517.1. See also *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). Finally, plaintiff also makes reference to another portion of the master policy which delineates employees eligible to be insured and maintains that that clause is in conflict with the clause dealing with when coverage becomes "effective". We find this argument to be without merit since the two clauses plaintiff argues are in conflict address two separate subjects and do not create an ambiguity concerning the effective date.

Affirmed.

BRONSON, P.J., concurs in the result only.