Mary C. TODD, Appellant,

v.

DOW CHEMICAL COMPANY and
Metropolitan Life Insurance
Company, Appellees.

No. 84–1323.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1985.

Decided April 15, 1985.

Walter R. Niblock, Fayetteville, Ark., for appellant.

Jerry Canfield, Fort Smith, Ark., for appellee.

Before LAY, Chief Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

LAY, Chief Judge.

Mary Todd appeals the judgment of the district court [1] granting defendants' motion

---

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of    Arkansas.

for summary judgment. The district court found that plaintiff's decedent, Barry Todd, was not covered under a group life insurance policy issued by Metropolitan Life Insurance Company (Metropolitan) to employees of Dow Chemical Company (Dow), because he was not "actively at work" on July 1, 1981, the date on which the life insurance would otherwise be effective. The district court also found the defendants were not estopped from denying coverage under the policy despite evidence that Dow mailed a letter to Barry Todd confirming coverage under the $100,000 life insurance policy, and despite a stipulation of the parties that Dow deducted from Barry Todd's paychecks an amount equal to the premiums for $100,000 worth of life insurance coverage. Finding no genuine issue of material fact, the district court determined judgment should be rendered in favor of defendants and granted the summary judgment motion. We affirm.

**Facts**

Mary Todd is the beneficiary under a group life insurance policy on her deceased son, Barry Todd. Metropolitan has paid Mary Todd $72,000.00 in benefits based upon Policy A11700–G–14 (the "old" policy) and this sum is not in controversy. Rather, the instant lawsuit seeks to compel Metropolitan to pay Mary Todd $28,000 increased coverage under Policy A11700–G–10 (the "new" policy).

Prior to July 1, 1981, Dow employees were covered by a group life insurance policy issued by Metropolitan as part of Dow's ERISA regulated employee benefit plan. In 1981, however, Dow negotiated a new group policy with Metropolitan which would provide increased life insurance coverage at decreased premiums for plan participants. The increase in coverage was effectuated by amending the old policy to provide that each employee who was "actively at work" on July 1, 1981 was to be excluded from eligibility under the old policy and that each employee who was not "actively at work" on July 1, 1981 would continue to be insured under the old policy until he returned to work. Such employee

would be excluded from eligibility under the old policy "on the day immediately preceding the date of his subsequent return to active work." Likewise, under the new policy, coverage was conditioned on the employee being "actively at work":

> You must be actively at work in order for your Employee Life Insurance to be effective. If you are not actively at work on the date when your Employee Life Insurance would otherwise be effective, your insurance will become effective on the date when you return to active work.

As an employee of the Dowell Division of Dow, Barry Todd was insured under the old policy for $72,000.00. Every pay period Dow deducted $12.00 from Todd's pay for the cost of Todd's life insurance coverage. On May 1, 1981, an "information packet" was mailed to all regularly-salaried employees whose names were on Dow's current payroll list announcing a new employee benefit plan including a change in the existing life insurance plan. The cover letter contained in the packet advised the employee benefit changes would be effective July 1, 1981. The packet also contained a benefits guide booklet which described eligibility for group life insurance in the following terms: "All permanent full-time salaried Dow employees actively at work are eligible for this Group Life Insurance Plan."

Throughout the first six months of 1981, Barry Todd suffered from leukemia and was absent from work several days. The last day he worked for Dow was May 29, 1981. He was hospitalized on June 2, 1981 and ultimately died on August 18, 1981. However, Barry Todd was never placed on medical leave by Dow—he remained programmed into Dow computers as an active employee and continued to receive his full salary. As the plan administrator, Dow maintained all the records on individual insureds. Metropolitan maintained no records revealing the names of individual Dow employees. While he was hospitalized with leukemia, Todd completed an enrollment card for the new group life insurance and returned it via his supervisor to the

appropriate personnel. He subsequently completed a second enrollment card because the first one was lost in processing. On July 17, 1981, a computer-generated letter was mailed to Barry Todd stating that the new insurance plan went into effect on July 1, 1981, and that Todd's cost per pay period for life insurance would be decreased from $12.00 to $6.92.

After Barry Todd's death, his mother, Mary Todd, as the named beneficiary under his life insurance policy, filed for her insurance benefits. On January 18, 1982, Metropolitan paid Mary Todd $74,036.88, representing all proceeds, plus interest, due under the old policy. Metropolitan declined payment of the additional benefits under the new policy, asserting that Barry Todd never became eligible for coverage under the new policy because he had not satisfied the "actively at work" requirement. Mary Todd then filed suit in the United States District Court for the Western District of Arkansas to compel payment of the difference between the two policies, the amount of $28,000.00.

**Discussion**

In this diversity case, the district court looked to the law of Arkansas, Michigan, and Oklahoma, all three states having connections with this litigation. Finding the applicable law of all three jurisdictions essentially the same, the court found it unnecessary to choose which state's law was controlling. Consequently, the parties have briefed the law of all three jurisdictions. We concur in the district court's view that the law of each state dictates the same result in this case.

■ In construing the group life insurance policies, the district court determined the policy provisions regarding transfer eligibility were clear and unambiguous. Reading the old policy as amended and the new policy together, the district court noted that "an employee who was not actively at work on [July 1, 1981], would not be covered by the new policy, but would continue to be covered by the old one." The district court then considered the meaning of the "actively at work" condition for eligibility. The court determined that the

phrase was not ambiguous and should be construed in accord with the ordinary and popular use of the phrase. Because Barry Todd was confined to a hospital from June 2, 1981 to July 24, 1981, and later died on August 18, 1981, he could not possibly be considered "actively at work" on July 1, 1981. The district court found support for its interpretation of the phrase in section 2 of the new policy which provides that retired employees under the old plan were "deemed to be actively at work on July 1, 1981." The court reasoned that when the phrase "actively at work" was intended to mean something other than its ordinary and popular meaning, the drafter said so.

We concur in the district court's interpretation of the phrase "actively at work," and note that the phrase has likewise been construed in other decisions interpreting similar language in an insurance contract. In *Smillie v. Travelers Insurance Co.*, 102 Mich.App. 780, 302 N.W.2d 258 (1980), the court considered a group life insurance policy which conditioned the increase in coverage on an employee being "actively at work performing all of the duties of his employment * * * at his customary place of employment * * *." The court held the insurance plan never became effective as to the decedent because he was confined to a hospital on the effective date of the increased coverage and until his death. While the policy language at issue in *Smillie* was somewhat more explicit than the language contained in Todd's policy, the *Smillie* court stated that even if the phrase "actively at work" was the only limitation to effective coverage, the claimant still could not recover because the trial court specifically found that decedent was not "actively at work" on or after the effective date of coverage. *See also Rabinovitz v. Travelers Insurance Co.*, 11 Wis.2d 595, 105 N.W.2d 807 (1960); *Elsey v. Prudential Insurance Co. of America*, 262 F.2d 432 (10th Cir.1958) (applying Oklahoma law).

■ We agree that the "actively at work" provision in the policy was a condition precedent to an effective contract of insurance. This condition was clearly not satisfied by Barry Todd. Mary Todd ar-

gues that because the phrase "actively at work" is not defined in the policy and because Barry Todd was receiving his full pay, this court should deem the policy language ambiguous and resolve the ambiguity in favor of the insured. To construe the policy as suggested by Mary Todd would negate the provision that if the employee is not actively at work on the effective date of the commencement of insurance, coverage will be deferred until the return to active work. We cannot so construe the policy provision, as we are bound by the principle that the parties to an insurance contract may fix the terms as they see fit, and they will not be rewritten by the courts. *Edgar's Warehouse, Inc. v. United States Fidelity and Guaranty Co.*, 375 Mich. 598, 134 N.W.2d 746, 748 (1965); *Hercules Casualty Insurance Co. v. Preferred Risk Insurance Co.*, 337 F.2d 1, 4 (10th Cir.1964) (applying Oklahoma law); *Transport Insurance Co. v. Manufacturers Casualty Insurance Co.*, 226 F.Supp. 251, 256 (E.D.Ark.1964) (applying Arkansas law).

■ We also concur in the district court's judgment that a theory of waiver or estoppel does not aid Mary Todd in recovering under the new insurance policy. The basis for estoppel in this case is Dow's conduct in issuing the July 17, 1981 letter indicating that Todd's benefit plan under the new policy had gone into effect, and in deducting $6.92 per pay period for coverage under the new policy rather than the $12.00 deduction which applied to coverage under the old policy. The district court rejected the estoppel argument on the ground that Dow was Metropolitan's agent only for the purpose of soliciting insurance, and that Dow therefore did not have the authority to extend coverage when the policy clearly excluded it. We do not define the precise contours of the agency relationship between Dow and Metropolitan because, under the law of Arkansas, Michigan, and Oklahoma, estoppel cannot be invoked here on a more basic level. First, all three jurisdictions have indicated that while waiver and estoppel may be applied to prevent a forfeiture, the doctrines cannot operate to extend coverage where none exists

under the contract. *Inola Machine & Fabricating Co. v. Farmers New World Life Insurance Co.*, 631 F.2d 712, 715 (10th Cir.1980) ("The Oklahoma courts have been quite careful to point out that the application of waiver and estoppel for wrongful retention of premiums has been confined to 'conditions subsequent and matters of defense, which, together with their breach, must be pleaded by the insurer.' "); *Mahone v. Hartford Life and Accident Insurance Co.*, 561 P.2d 142, 150 (Okla.Ct.App. 1976); *Madgett v. Monroe County Mutual Tornado Insurance Co.*, 46 Wis.2d 708, 176 N.W.2d 314, 315 (1970); *Looney v. Allstate Insurance Co.*, 392 F.2d 401, 408 (8th Cir.1968) ("The Arkansas law is clear that, in contrast to the situation where a forfeiture of coverage is involved, waiver and estoppel usually cannot operate to extend coverage where none exists under the contract."). In addition, there is some question as to whether estoppel can result from conduct based on pure mistake. *See Inola Machine & Fabricating Co.*, 631 F.2d at 715 (applying Oklahoma law); *but see Freeman v. Massachusetts Mutual Life Insurance Co.*, 27 Mich.App. 572, 183 N.W.2d 832, 837 (1970).

Moreover, under the law of all three jurisdictions, prejudice or detrimental reliance is an essential element of estoppel. *Hastings Mutual Insurance Co. v. Hartford Accident & Indemnity Co.*, 134 Mich.App. 662, 352 N.W.2d 292, 295 (1984); *Continental Insurance Cos. v. Stanley*, 263 Ark. 638, 643, 569 S.W.2d 653, 656 (1978); *DeBoer Construction, Inc. v. Reliance Insurance Co.*, 540 F.2d 486, 492 (10th Cir. 1976) (applying Oklahoma law), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *Freeman*, 27 Mich. App. 572, 183 N.W.2d at 835 (1970); *Looney*, 392 F.2d at 408 (applying Arkansas law). Courts have held that wrongful retention of premiums can satisfy the prejudice requirement, *see Great American Reserve Insurance Co. of Dallas v. Strain*, 377 P.2d 583, 588 (Okla.1962); *Likens v. John Hancock Mutual Life Insurance Co.*, 246 F.2d 897, 900 (10th Cir.1957) (applying Oklahoma law). Evidence showing that the insured did not obtain additional life

insurance in reliance upon the insurer's representation that the insured was covered by a policy of insurance is also sufficient to satisfy this element. *Anthony v. Ryder Truck Lines, Inc.*, 611 F.2d 944, 948 (3d Cir.1979); *Freeman*, 27 Mich.App. 572, 183 N.W.2d at 835; *Don-Ray Tool & Die, Inc. v. John Hancock Mutual Life Insurance Co.*, 381 Mich. 416, 163 N.W.2d 225, 227 (1968). In the instant case, however, we have no such evidence. Mary Todd admittedly has no evidence that Barry Todd was insurable; thus, presumably he could not have obtained additional life insurance. Moreover, Barry Todd was not prejudiced by Dow deducting $6.92 per pay period for the new insurance plan because it should have deducted $12.00 per pay period for coverage under the old policy. Barry Todd was, in fact, underpaying his share of the premiums for the insurance coverage under which his beneficiary has already recovered benefits. We therefore hold that Metropolitan is not estopped from denying coverage under the new life insurance policy under which Barry Todd was not eligible for insurance.

Mary Todd also contends that because Barry Todd reasonably expected he was covered under the new life insurance policy, his expectations should be honored and coverage should be extended.[2] Even if any of the three jurisdictions with which we are concerned would recognize the so-called doctrine of reasonable expectations, we do not think such a principle would be applicable here. Despite the fact that Dow had confirmed coverage under the new plan to Barry Todd and had deducted the proper amount for such insurance coverage from Todd's pay, we do not think it reasonable for Todd to expect he was eligible for the increased coverage given his condition and the clear and unambiguous policy provision conditioning such coverage on an employee being "actively at work." Moreover, we regard the doctrine of reasonable expectations, as applied in this context, with some

skepticism. The effect of such a theory is to place a gloss over the doctrine of estoppel, which would allow recovery without showing prejudice or detrimental reliance. We find no clear support for such a theory in the caselaw of Arkansas, Michigan, or Oklahoma.

There being no genuine issue of material fact, *see* Fed.R.Civ.P. 56(c), we affirm the district court's grant of defendants' motion for summary judgment.

---

**2.** Mary Todd quotes a statement made by Professor Keeton, who is now a federal district judge, that "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will

be honored even though painstaking study of the policy provisions would have negated those expectations." Keeton, "Insurance Law Rights at Variance with Policy Provisions," 83 *Harvard Law Review* 961, 967 (1970).