961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clifford A. LOTT, Plaintiff-Appellant,
v.
HERTZ CUSTOM BENEFIT PROGRAM, and Hertz Corporation,
Defendants-Appellees,
and
Equitable Life Assurance Society of the United States, Defendant.
 No. 90-1331.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1992.
 
 Before JOHN P. MOORE, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Clifford Lott appeals from a summary judgment dismissing his claims against Hertz Custom Benefit Program and Hertz Corporation (defendants), to recover benefits he alleges are due to him under an employee benefit plan. The issues on appeal are: 1) whether defendants are estopped from denying Lott eligibility under the plan by their course of conduct or by the doctrine of "reasonable expectations"; 2) whether defendants' invitation to Lott to enroll in HCBP was an offer of a unilateral contract which, once accepted by Lott became binding on defendants; and 3) whether it was inequitable to apply the "actively at work" eligibility requirement to Lott, who was involuntarily absent from work and unable to comply with the eligibility requirements. The district court dismissed these claims, finding that Lott was not eligible for benefits under the terms of the plan. We AFFIRM.
 
 FACTS
 
 2
 Mr. Lott was employed by Hertz as a courtesy bus driver at the Hertz facility at Stapleton International Airport in Denver. On June 10, 1987, Lott was injured and disabled in a non-work accident. Hertz placed Lott on medical leave of absence on June 23, 1987. He was formally terminated on July 27, 1988.
 
 
 3
 At about the time of Lott's injury, Hertz was in the process of implementing a new benefits program, the Hertz Custom Benefits Program ("HCBP"), insured by the Equitable Life Assurance Society of the United States. Prior to this, employees were offered insurance benefits in the Hertz Group Insurance Plan issued to Hertz by the Metropolitan Insurance Company. Lott was a participant in the Hertz Group Insurance Plan. After his accident, he applied for, and was paid the maximum amount of benefits allowed under that plan. Mr. Lott enrolled in the HCBP on May 27, 1987 and elected coverage for long term disability, dental and medical benefits. One premium was deducted from Lott's last payroll check in June, 1987. Lott alleges that he received medical and dental benefits under the HCBP before being informed that he was ineligible for long term disability benefits under the HCBP.
 
 
 4
 Hertz determined that Lott was ineligible for the benefits because he was not "actively employed" as defined by the program's policy at any time on or after July 1, 1987, which was a condition precedent to eligibility. It is uncontested that Lott's last day of active work with Hertz was on June 23, 1987.
 
 
 5
 Lott brought this action to recover long-term disability, medical and dental benefits under the HCBP pursuant to 29 U.S.C. § 1132(a)(1)(B). The HCBP is an employee welfare benefit program within the scope of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA").
 
 DISCUSSION
 
 6
 We review the grant or denial of summary judgment de novo. We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c) and examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied. When applying this standard, we examine the record and any reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir.1990) (citations omitted).
 
 
 7
 Lott first argues that defendants should have been estopped from denying him eligibility under the HCBP because defendants represented to him that he was eligible for long-term disability benefits under that plan by their course of conduct. The course of conduct that Lott alleges defendants engaged in was: 1) taking no action to revoke or terminate his enrollment; 2) deducting the required premium from his last paycheck; and 3) providing him with medical and dental benefits coverage under the HCBP.
 
 
 8
 Even if Lott's factual allegations are true, he has not stated a claim for relief under ERISA. Lott's claims can only succeed if the common law principle of estoppel applies to an ERISA-governed employee benefit plan like the HCBP and if a course of conduct can modify the terms of such a benefit plan.
 
 
 9
 ERISA specifically requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). This court has held that "ERISA's express requirement that the written terms of a benefit plan shall govern forecloses the argument that Congress intended for ERISA to incorporate state law notions of promissory estoppel." Straub v. Western Union Telegraph Co., 851 F.2d 1262, 1265-67 (10th Cir.1988).[1]
 
 
 10
 In this case, the written provisions of the HCBP that require an employee be "actively at work" on or after July 1, 1987, are a valid and unambiguous condition precedent to eligibility. See Elsey v. Prudential Ins. Co. of America, 262 F.2d 432, 435 (10th Cir.1958); Todd v. Dow Chemical Co., 760 F.2d 192, 194-95 (8th Cir.1985). It is uncontested that Lott was not actively at work on or after July 1, 1987. Accordingly, for the reasons just stated we conclude that the defendants' course of conduct cannot amend or modify the terms of this ERISA-governed employee benefit plan.
 
 
 11
 Lott also argues that under the common-law doctrine of "reasonable expectations" he should be covered under the HCBP. Under this doctrine, an insurer that wishes to avoid liability under an insurance contract "must not only use clear and unequivocal language evidencing its intent to do so, but it must also call such limiting conditions to the attention of the insured. Absent proof of such disclosure, coverage will be deemed to be that which would be expected by the ordinary lay person." Leland v. Travelers Indemnity Company, 712 P.2d 1060, 1064 (Colo.App.1985). This argument must fail for the same reasons that Lott's estoppel arguments fail. State common law notions are preempted by ERISA when the written documents of employee benefit plans are unambiguous. Furthermore, the actively at work requirement was clear and unequivocal and Lott could have had no reasonable expectation that he was entitled to coverage.
 
 
 12
 Lott next argues that defendants' invitation to enroll in the HCBP was an offer of a unilateral contract that Lott accepted by completing and returning the enrollment form and cannot subsequently be terminated on the grounds that he was not "actively at work" on July 1, 1987, the effective date of the program.
 
 
 13
 Assuming for the sake of argument that this is a unilateral contract, the HCBP stipulates that an employee must be "actively at work" on July 1, 1987 in order to be eligible for benefits. As noted above, the requirement is a valid and unambiguous condition precedent for eligibility. Since Lott was not actively at work on or after July 1, 1987, Lott had not fulfilled the condition precedent to eligibility. These facts do not present a situation where Lott was accepted for coverage and then terminated. Rather, Lott, having never satisfied the condition precedent, was never accepted for coverage. Completing and returning the enrollment form, even deducting the first premium from Lott's last paycheck, can not and did not excuse the condition precedent of being actively at work on July 1, 1987. The contract was never formed because the condition was never satisfied.
 
 
 14
 Lott's final argument is that it was inequitable to apply the "actively at work" eligibility requirement to him because he was involuntarily absent from work and unable to comply with the eligibility requirement. The cases Lott cites to support his argument deal with forfeiture of benefits because of involuntary break in service. Eddington v. CMTA-Independent Tool and Die Craftsmen Pension Trust, 794 F.2d 1383 (9th Cir.1986), involved a challenge to a pension plan's break in service rule which provided for cancellation of an employee's previously accumulated pension credits if the employee failed to earn pension credits within a certain time period. The Ninth Circuit held that the rule was not arbitrary or capricious. The court also stated that if the worker's "lack of employment with a contributing employer was involuntary, that break in employment should not be counted against him." Id. at 1388.
 
 
 15
 Lott also cites Van Fossan v. Int'l Brotherhood of Teamsters Union Local No. 710 Pension Fund, 649 F.2d 1243, 1248-49 n. 21 (7th Cir.1981), for the proposition that it is arbitrary to apply a benefit forfeiture rule to an employee who is involuntarily not at work due to a layoff or disability. The Seventh Circuit stated that "the application of a break in service rule to an employee who faithfully puts in his twenty years and then, through no fault of his own, is forced to leave covered employment is simply arbitrary." Id. at 1248.
 
 
 16
 Eddington and Van Fossan are distinguishable from Lott's case. Both cases involved a cancellation of a worker's accumulated pension credits because of a break in employment. This case involves the question of whether eligibility was wrongfully withheld. Lott has not forfeited any accrued benefits, but rather was denied coverage because he did not meet the eligibility requirements under the HCBP.
 
 
 17
 Lott argues that he is forfeiting benefits because the "actively at work" eligibility requirement results in a forfeiture of his established eligibility under the HCBP. Appellants Opening Brief, 17-18 (emphasis added). However, Lott had no established eligibility under the HCBP, and could not have until he satisfied the condition precedent to eligibility of being actively at work on July 1, 1987. Since Lott did not fulfill the condition, he was never eligible under the HCBP and thus did not forfeit any accrued benefits.
 
 
 18
 Lott appears to consider the HCBP as a continuation of the old Hertz Group Insurance Plan in which he was a participant and received his contracted-for benefits. However, the HCBP was a new plan, issued to Hertz by different insurance company, with a new eligibility requirement. We agree with the district court that Lott was "not being denied benefits he had already accumulated because he was never eligible for the new program." Lott v. Hertz Custom Benefit Program, No. Civ.A. 89-A-2225, 1990 WL 159938, at * 6 (D.Colo. Oct. 17, 1990).
 
 
 19
 For the above reasons, we AFFIRM the district court's grant of summary judgment in favor of defendants.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Accord, Rodrigue v. Western and Southern Life Ins. Co., 948 F.2d 969 (5th Cir.1991) (state equitable estoppel law did not apply to employee's claim where plan itself specifically excluded coverage for treatment in question); Degan v. Ford Motor Co., 869 F.2d 889, 895 (5th Cir.1989) (action to recover pension benefits is not cognizable under ERISA because it was predicated upon promissory estoppel); Nachwalter v. Christie, 805 F.2d 956, 960-61 (11th Cir.1986) (estoppel cannot be used to modify the written terms of an ERISA plan); Holland v. Burlington Ind., Inc., 772 F.2d 1140, 1147 (4th Cir.1985), affirmed without opinion, 477 U.S. 901, and cert. denied, 477 U.S. 903 (1986) (ERISA preempted state law claims of estoppel); Contra, Black v. TIC Investment Corp., 900 F.2d 112 (7th Cir.1990) (estoppel principles are applicable at least for single employer benefit plans); Cleary v. Graphic Communication Int'l Union, 841 F.2d 444, 447-49 (1st Cir.1988) (recognizing applicability of estoppel principles, but holding that pension fund's acts did not constitute a presentation that benefits would be paid); Dockray v. Phelps Dodge Corp., 801 F.2d 1149, 1155 (9th Cir.1986) (the principles of equitable estoppel apply to pension plans); Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1096 (9th Cir.1985) (doctrine of estoppel is applicable to pension plans if certain elements are present); Rosen v. Hotel & Restaurant Employees & Bartenders Union, 637 F.2d 592, 598 (3d Cir.), cert. denied, 454 U.S. 898 (1981) (case concerning a collectively bargained pension plan allowing application of estoppel); Haeberle v. Board of Trustees, 624 F.2d 1132, 1139 (2d Cir.1980) (recognizing estoppel but requiring strict proof of its elements); Landro v. Glendenning Motorways, 625 F.2d 1344, 1355 (8th Cir.1980) (estoppel properly applied in ERISA case where benefit plan was ambiguous)