418 So.2d 305 (1982)
STARLITE SERVICES, INC. and Eddie Lee Ross, Appellants,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.
Nos. 81-418, 81-422.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
Rehearing Denied August 30, 1982.
*306 Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellant Starlite Services, Inc.
Gregory A. Popp of Gregory A. Popp, P.A., Merritt Island, for appellant Ross.
Gordon H. Harris and Ladd H. Fassett of Gray, Adams, Harris & Robinson, P.A., Orlando, for appellee.
COWART, Judge.
Appellant, Eddie Lee Ross, sued his employer, appellant Starlight Services, Inc. (Starlight) and its group insurer, appellee The Prudential Insurance Company of America (Prudential) seeking enforcement of a group insurance contract and asking for a determination that he was a covered employee thereunder. Starlight cross-claimed against Prudential, asserting that Starlight had either performed as required by the insurance policy or, alternatively, that Prudential had waived such performance. From a summary judgment in favor of Prudential, Starlight and Ross appeal. We affirm.
Taken in a light most favorable to appellants, the undisputed facts show the following. In February of 1978, Prudential contracted with Starlight to offer group insurance (life, accident, and sickness) to Starlite's employees. Under the terms of the contract, a new employee is not automatically covered from the first day on the job; instead the employee must have worked for one month on a full time basis (the employment waiting period). Even after the waiting period is completed, the employee is not automatically covered. The contract also contains a section entitled "Becoming Insured For Employee Insurance." This section provides that the employee shall be insured from the first day following his employment waiting period on which the following requirements are met: (1) the employee must request insurance on a form satisfactory to Prudential; (2) agree to make the required contributions; (3) furnish evidence of insurability if he has not requested he be included within his first month of employment; and (4) comply with the "active work requirement," i.e., the employee must be actively at work on a full time basis at the business establishment of the employer. Ross was employed by Starlite on April 19, 1978 and was subsequently injured in an automobile accident on September 9, 1978. As a result of the accident, Ross was hospitalized from the date of the accident until November 11, 1978. On September 19, 1978, while Ross was in the hospital and not actively at work, Starlite submitted Ross' application for insurance to Prudential with a cover letter explaining the application had not been previously submitted because of an error by Starlite. Prudential responded that the application would be accepted as "on time," and therefore Ross would not be required to submit evidence of insurability (normally required under (3) above). Prudential subsequently issued a certificate of insurance with an effective date of 9/18/78; however, it was noted that if Ross did not satisfy the active work requirement, the effective date was subject to delay until Ross did satisfy the requirement.
In addition to the above facts, Starlite filed an affidavit of one of its officers who stated that an agent of Prudential was notified in September, 1978, of Ross' accident and that the agent advised the affiant to file Ross' claim. The agent stated the claim would be accepted in the event that Ross would have been insurable at the time of the accident. Although this was disputed, for purposes of summary judgment, we assume the above to be true. Appellants contend that all the above facts at least create an issue of fact as to whether Prudential waived the contractual prerequisites to an employee becoming insured. Although not phrased this way by appellants, they actually contend that Prudential is estopped by its actions to deny coverage.[1]
It is well settled in Florida that the doctrines of waiver and estoppel are not *307 applicable to matters of coverage as distinguished from grounds for forfeiture. Six L's Packing Co. v. Florida Farm Bureau Mut. Ins. Co., 276 So.2d 37 (Fla. 1973) (adopting opinion of 4th DCA [268 So.2d 560] as its own).[2] In Six L's Packing Company, it was stated:
The general rule is well established that the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture. ... In other words, while an insurer may be estopped by its conduct from seeking a forfeiture of a policy, the insurer's coverage or restrictions on the coverage cannot be extended by the doctrine of waiver and estoppel.
We are therefore faced with the threshold determination of whether the pertinent clauses go to the coverage of the policy as distinguished from furnishing a ground for forfeiture.

268 So.2d at 563. [citations omitted, emphasis in original].
In this case we are faced with an identical threshold determination. It is undisputed in the instant case that Ross did not apply for insurance until after his injury and that Prudential's acceptance of this application was made subject to Ross' compliance with the active work requirement of the group policy. A substantially identical clause in a group policy was held to be a condition of coverage in Radoff v. North American Company For Life and Health Insurance, 358 So.2d 1138 (Fla. 3d DCA 1978), and we reach the same result here.
Since the active work requirement was one of coverage, the alleged waiver of that provision by Prudential's agent is of no moment. Consequently there was no dispute of a material fact and the trial court's summary judgment is
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., dissents without opinion.
NOTES
[1] Although separate legal theories, we note that waiver and estoppel are quite often opposite sides to the same conceptual coin; a litigant may arguably be "estopped" to contend a point the litigant has previously waived.
[2] In addition to the Florida supreme court, every district court of appeal has embraced this proposition. See, e.g., Manacare Corp. v. First State Ins. Co., 374 So.2d 1100 (Fla. 2d DCA 1979); Radoff v. North American Co. for Life and Health Ins., 358 So.2d 1138 (Fla. 3d DCA 1978); Unijax, Inc. v. Factory Ins. Assoc., 328 So.2d 448 (Fla. 1st DCA), cert. denied, 341 So.2d 1086 (Fla. 1976); Six L's Packing Co. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, 276 So.2d 37 (Fla. 1973). See generally Appleman, 16B Insurance Law and Practice, § 9090 Elements of Waiver and Estoppel (1981); Annot., 1 ALR.3d 1139, 1155 § 8 (1965) (Doctrine of estoppel or waiver as available to bring within coverage of insurance policy risks not covered by its terms or excluded therefrom).