480 So.2d 666 (1985)
Fred W. CAMPBELL, Appellant/Cross-Appellee,
v.
The PRUDENTIAL INSURANCE COMPANY, Appellee/Cross-Appellant.
No. 84-1824.
District Court of Appeal of Florida, Fifth District.
November 29, 1985.
Rehearing Denied January 7, 1986.
*667 Joseph H. Williams of Troutman, Parrish, Williams & Blankenship, P.A., Winter Park, for appellant/cross-appellee.
Craig L. Brams and George A. Meier, III of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellee/cross-appellant.
COWART, Judge.
This case involves disputes between an insured employee and his employer's group disability insurer.
The trial court correctly entered summary judgment in favor of the insurer as to punitive and compensatory damages for intentional infliction of emotional distress because here the insurer's negligent failure to pay employee benefits between May, 1978, and August, 1978, did not constitute the affirmative, outrageous conduct required by Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985), and Crawford and Company v. Dominguez, 467 So.2d 281 (Fla. 1985). See also Arab Termite and Pest Control v. Jenkins, 409 So.2d 1039 (Fla. 1982); Campbell v. Government Employees Ins. Co., 306 So.2d 525 (Fla. 1974); Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980); Stetz v. American Casualty Company of Reading, Pennsylvania, 368 So.2d 912 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 349 (Fla. 1979); MacDonald v. Penn Mutual Life Ins. Co., 276 So.2d 232 (Fla. 2d DCA 1973).
The trial court erred in denying the insured an award of reasonable attorney's fees under section 627.428(1), Florida Statutes, in view of the summary adjudication against the insurer and in favor of the insured on count one of the amended complaint as to the underpayment of the $1,102.04 in long term disability benefits relating to certain employee "fringe benefits." See Florida Rock and Tank Lines, Inc. v. Continental Insurance Company, 399 So.2d 122 (Fla. 1st DCA 1981).
The trial court also erred in granting the insured a summary judgment on the insurer's counterclaim to recover $3,407.73 overpaid disability benefits based on the insured's argument that the insurer had waived the set off provisions of the policy by making those overpayments and was, therefore, estopped to recover them. Insurance coverage cannot be extended by applying doctrines of waiver and estoppel to restrictions and limitations on coverage. See Starlite Services, Inc. v. Prudential Ins. Company of America, 418 So.2d 305 (Fla. 5th DCA 1982), pet. for rev. dismissed, 421 So.2d 518 (Fla. 1982).
*668 The judgment in favor of the insurer on the insured's claim for punitive damages and intentional infliction of emotional distress is affirmed, as is the order denying the insured attorney's fees relating to those claims.
The judgment denying the insured's claim for attorney's fees on count one of the amended complaint is reversed as is the judgment for the insured on the insurer's counterclaim for overpayments.
AFFIRMED in part; REVERSED in part; and REMANDED.
UPCHURCH and SHARP, JJ., concur.