510 So.2d 1227 (1987)
AMERICAN STATES INSURANCE COMPANY, Appellant,
v.
Patrick L. McGUIRE, William D. McGuire and Dixie G. McGuire, D/B/a Salt Air Motel, Appellees.
No. BR-424.
District Court of Appeal of Florida, First District.
August 13, 1987.
Karen K. Cole, of Boyd, Jenerette, Staas, Joos, Williams, Felton & Wirtz, P.A., Jacksonville, for appellant.
John Moffitt Howell, of Howell & Howell, P.A., Neptune Beach, for appellees.
*1228 JOANOS, Judge.
American States Insurance Company (American States) appeals the trial court's order directing it to reimburse its insureds, Parick L. McGuire, William D. McGuire, and Dixie G. McGuire (the McGuires), appellees herein, for the costs incurred in defense of a malicious prosecution suit. The question presented for our review is whether an insurer may be estopped to deny coverage on the basis of an otherwise valid defense, when that defense had not been asserted in a timely fashion. We conclude that under the circumstances of this case, the trial court was not in error in concluding tht the insurer was estopped to deny coverage, and affirm the order appealed.
On August 12, 1982, Thelma Watkins sued the McGuires and their liability insurer, American States, for malicious prosecution and false arrest. The McGuires answered, denying liability; American States answered, denying coverage on the ground that the complaint failed to allege a "bodily injury" within the meaning of the policy.
On November 15, 1982, American States moved for summary judgment. On January 20, 1983, the trial court entered summary final judgment in favor of American States, finding that Watkins' complaint alleged only a "personal injury" and not a "bodily injury" within the meaning of the policy. Watkins and the McGuires moved for rehearing, and the McGuires also moved for leave to file a cross-claim against American States. On February 28, 1983, the trial court denied both motions for rehearing, but did not rule on the McGuires' motion for leave to file a cross-claim.
Thereafter, the McGuires appealed from the final summary judgment entered in favor of American States in the suit brought by Watkins. On July 8, 1983, after the McGuires had filed their initial brief, American States moved for dismissal on the ground that a defendant may not appeal the entry of a summary judgment in favor of his co-defendant on a claim made against the co-defendant by the plaintiff, until the conclusion of the underlying action. On November 2, 1983, after receiving briefs on the motion to dismiss, this court entered an order dismissing the appeal without prejudice to file a later appeal in the event the McGuires were held liable to Watkins in her claims for malicious prosecution and false arrest. The McGuires and American States both moved for rehearing. On November 19, 1983, this court issued a clarifying order, indicating that the dismissal of the appeal was without prejudice to the McGuires' right to appeal from an order determining their liability to Watkins. (Case No. AS-60).
On October 25, 1984, the trial court directed a verdict in favor of the McGuires in Watkins' malicious prosecution suit. On November 7, 1984, the McGuires again appealed the entry of the final summary judgment in favor of American States with regard to the insurer's obligation to defend the McGuires in the lawsuit brought by Watkins. On July 21, 1986, this court reversed the final summary judgment favoring American States, finding there remained a genuine issue of fact with regard to the issue of coverage for bodily injury, sickness or disease within the meaning of the American States policy. However, the court declined to address American States' denial of coverage based on the lack of an "occurrence," since this defense had not been raised before the trial court.[1]See McGuire v. American States Insurance Company, 491 So.2d 606 (Fla. 1st DCA 1986).
On remand, American States consented to the McGuires' motion for leave to file cross-claim. On October 20, 1986, American States answered the cross-claim for attorneys' fees and costs, and moved for summary judgment on the cross-claim, asserting that the complaint did not allege an "occurrence" within the meaning of the American States insurance policy.
*1229 On January 13, 1987, the trial court entered an order directing American States to reimburse the McGuires for expenses incurred in defense of the action brought against them by Watkins. The trial court concluded that American States was barred from raising the occurrence issue as a defense to the McGuires' cross-claim for attorneys' fees and costs because this ground had not been asserted prior to the trial of Watkins' claims against the McGuires.[2]
We note at the outset that it is undisputed that, as a general principle, the doctrines of waiver and estoppel are not available to extend the coverage of an insurance policy or to create a primary liability. Campbell v. Prudential Insurance Company, 480 So.2d 666, 667 (Fla. 5th DCA 1985); Kramer v. United Services Automobile Association, 436 So.2d 935 (Fla. 4th DCA 1983); Starlite Services, Inc. v. Prudential Insurance Company of America, 418 So.2d 305 (Fla. 5th DCA), petition for review dismissed, 421 So.2d 518 (Fla. 1982); Six L's Packing Company v. Florida Farm Bureau Mutual Insurance Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, 267 So.2d 37 (Fla. 1973). Nevertheless, Florida courts and courts in other jurisdictions have not hesitated to apply waiver and estoppel when the circumstances indicate the insurer's conduct induced the insured to rely on that conduct to his detriment. Crown Life Insurance Company v. McBride, 472 So.2d 870 (Fla. 4th DCA 1985);[3]Kramer v. United Services Automobile Association, 436 So.2d 935 (Fla. 4th DCA 1983); Peninsular Life Insurance Company v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983); Travelers Insurance Company v. Fletcher American National Bank of Indianapolis, 84 Ind. App. 563, 150 N.E. 825 (1926).
By the same token, it is well settled that an insurance company has a duty to defend its insured if the complaint alleges facts showing even one ground for liability. Baron Oil Company v. Nationwide Mutual Fire Insurance Company, 470 So.2d 810 (Fla. 1st DCA 1985), and cases cited therein. Here, the McGuires concede the validity of the occurrence defense. They maintain, however, that throughout the first litigation and appeal American States denied the claim solely on the basis of the bodily injury defense. Therefore, the McGuires argue that since they incurred expense by acting on their belief that the bodily injury defense to coverage was without merit, American States ought now be estopped to raise the occurrence defense.
We conclude that the circumstances of this case establish the applicability of the doctrine of promissory estoppel. Broadly stated, the doctrine arises in those situations where the promisor "make[s] a promise which he should reasonably expect to induce action or forbearance of a substantial character on the part of the promisee." Mount Sinai Hospital of Greater Miami, Inc. v. Jordan, 290 So.2d 484, 486 (Fla. 1974); Royal American Development v. City of Jacksonville, Florida, 508 So.2d 528 (Fla. 1st DCA 1987); Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461, 366 (Fla. 1st DCA 1981), on petition for rehearing; reversed on other grounds, 421 So.2d 505 (Fla. 1982); Allen v. A.G. Edwards & Sons, Inc., 606 F.2d 84, 87 (5th Cir.1979). In other words, when an insurer specifies the ground upon which it denies coverage to its insured, and the insured pursues a course of action in reliance on the insurer's asserted defense, the insurer is estopped to raise a new ground upon which to deny coverage.
*1230 In this case, American States initially limited its denial of coverage to the lack of bodily injury, within the meaning of the policy. American States adhered to the bodily injury issue as its sole defense until it filed an answer brief in the first appeal. By that time, the McGuires had incurred expense in litigating the motions for summary judgment and rehearing and in prosecuting the first appeal. The conduct demonstrated by American States in this case is now expressly proscribed by section 627.426(2), Florida Statutes.[4]
We find the trial court's order is in accord with Florida law and is in keeping with public policy that an insurer deal fairly with its insured. Accordingly, the order appealed is affirmed.
WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] We note that in this appeal and in the 1986 appeal, the McGuires concede the validity of the occurrence defense.
[2] American States argues, correctly, that the McGuires were aware of the "occurrence" defense before the trial of Watkins' suit, since American States raised the coverage defense in its answer brief filed in the 1983 appeal. By that point, however, the McGuires had vigorously opposed the insurers' motion for summary judgment and motions for rehearing, and had pursued an appeal, acting on their belief that the bodily injury defense asserted by American States was without merit. We conclude that this factual error in the trial court's order does not undermine the correctness of the trial court's decision.
[3] In Crown Life the Fourth District Court of Appeal certified the following to the Florida Supreme Court as a question of great public importance:

MAY THE THEORY OF EQUITABLE ESTOPPEL BE UTILIZED TO PREVENT AN INSURANCE COMPANY FROM DENYING COVERAGE?
As of this writing, the case is still pending.
[4] s. 627.426(2), Fla. Stat. (Supp. 1982), provides:

(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured:
2. Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.