Lucille E. CARNES, Respondent,

v.

**WOODMEN ACCIDENT AND LIFE COMPANY, Appellant.**

**No. WD 39478.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1988.

Richard K. Andrews, Jeffrey H. Blaylock, Swanson, Midgley, Gangwere, Clarke & Kitchen, Kansas City, for appellant.

Patrick Beeman, Norton, Pollard & Norton, Inc., Kansas City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Lucille E. Carnes filed suit against Woodmen Accident and Life Company to recover the proceeds of an insurance policy covering her husband, Dale. The court entered judgment in favor of Carnes, and Woodmen has appealed. Reversed.

The facts were stipulated and agreed to between the parties. No oral testimony was heard. Dale was the president of Siggins Company. Siggins purchased a group life insurance policy from Woodmen with an effective date of February 1, 1983. About 11:30 p.m. on Monday, January 31, 1983, Dale became ill at his home. An ambulance was called, and he was taken to North Kansas City Hospital, where he was pronounced dead at 12:35 a.m. on February 1, 1983.

Woodmen issued a policy of insurance and a certificate. The certificate provided under a heading "WHO IS ELIGIBLE TO ENROLL.":

"You are eligible if
· you are an Employee on the Unit's effective date; ..."

The certificate also contained the following definition of "employee":

" 'Employee'—A person who
• is directly compensated by a Participating Member Firm;
• is Actively Expending Time on a Full Time Basis (working 30 hours per week) in the service of a Participating Member Firm.

"A nondisabled person
• on vacation; or
• on a scheduled non-work day;
if he spent the preceding scheduled work day as an Employee, will be deemed Actively Expending Time and effort in the service of a Participating Member Firm."

The certificate further contained a provision entitled "When Are Benefits Deferred" as follows:

"For You. Your insurance will not start if on the day it should begin you are not Actively Expending Time on a Full–Time Basis due to injury or sickness. Insurance will start when you return to Active Work. Your deferment will not affect your Dependent's start date."

The policy contained the following provision:

" *DATES ON WHICH INSURANCE BEGINS. Insurance under this policy shall be deferred for any Insured Person who, because of injury or sickness, is not engaged in active work on the date he becomes an Insured Person and no benefits shall be payable if his death occurs prior to the date of his return to active work."

"Active Work" was defined in the policy:

"Active Work" means performance of all regular duties of the Insured Person's employment or occupation on a full-time basis."

The court entered findings of fact in which it found that Dale, on February 1, 1983, was an employee as defined in the certificate in that he was directly compensated by his employer and was actively expending time on a full-time basis (working 30 hours per week) in the service of his

employer. The court also found he was a nondisabled person in that he spent the preceding scheduled work day as an employee and therefore was deemed "actively expending time" and effort in the service of his employer. The court further found that the language in the certificate and that in the policy was in conflict and ambiguous as to when the insurance coverage was to begin.[1] Under the rule that ambiguities are to be resolved against the company, the court concluded that Dale was covered.

It was stipulated that February 1, 1983, was a scheduled work day for Dale and that he was not scheduled to be on vacation on that day. It was further stipulated that he did work on January 31.

Lucille contends that Dale was an employee under the certificate definition of that term because he was compensated by the company and was working 30 hours per week and spent the preceding scheduled work day, January 31, as an employee. The argument concludes that since Dale was an employee under the definition and was eligible under the certificate, he became insured on February 1.

Lucille has overlooked that part of the definition of "employee" which states that for a person to be deemed actively expending time and effort in the service of a member firm by virtue of having spent the preceeding scheduled work day as an employee, that person must be nondisabled and must be on vacation or on a scheduled non-work day. For Lucille to prevail on her argument, it would require that Dale was not disabled and was either on vacation or on a scheduled non-work day on February 1.[2] Under the stipulated facts, Dale did not meet these requirements. Because Dale was disabled and was scheduled to work on February 1, he cannot be deemed to have been actively expending time and effort in the service of Siggins on that date.

There is no conflict between the provisions of the certificate and the policy. The definition of "employee" in the certificate was obviously inserted to provide coverage for employees who were not disabled and who were on vacation or on a scheduled non-work day on the date the policy was to be effective. Dale fit neither of those categories and therefore cannot come under that part of the definition of "employee." Coverage is not available under the certificate because, by its terms, insurance would not start on the day it should have begun if the employee was not working due to injury or sickness. Under the policy language, coverage was deferred for any person who because of injury or sickness was not engaged in active work on the date of becoming an insured person and whose death occurred prior to the date of his return to active work.

While the language of the certificate and policy differ slightly in stating when insurance would begin, both provisions mean the same thing, and there is no conflict between the two. The court did not refer to any policy or certificate provisions to demonstrate ambiguity but merely stated the conclusion that an ambiguity existed.

Dale did not work on February 1 and died before he did return to work. He was not on vacation, and February 1 was a work day. Under the definition of "employee" and under the provisions of the policy as to when insurance began, it is clear that Dale was not covered under the Woodmen policy on February 1, 1983. When the language of the policy is clear and unambiguous, this court must construe the policy as written. *Madison Block Pharmacy v. U.S. Fidelity and Guaranty Co.*, 620 S.W.2d 343, 346[4] (Mo. banc 1981).

The judgment is reversed, and this cause is remanded with directions to enter judgment in favor of Woodmen.

1. *Morris v. Travelers Ins. Co.*, 546 S.W.2d 477, 486[2, 3] (Mo.App.1976), held that an ambiguity may exist if there is a conflict between the certificate and the policy.

2. The parties have not discussed the point, but it is apparent that Dale could not meet the non-disabled part of the definition because of his death early on February 1.