Joan R. EDWARDS, Plaintiff–Appellee,

v.

The GREAT–WEST LIFE ASSURANCE COMPANY, Defendant–Appellant.

No. 93–2486.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 3, 1994.

Decided April 1, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied June 2, 1994.

J. Steven Tikalsky, Elizabeth A. Truesdale (argued), E. John Raasch, Tikalsky, Raasch & Tikalsky, Waukesha, WI, for plaintiff-appellee.

Michael P. Erhard, Michael B. Brennan (argued), Foley & Lardner, Milwaukee, WI, for defendant-appellant.

Before CUMMINGS and CUDAHY, Circuit Judges, and ROSZKOWSKI, District Judge.*

CUMMINGS, Circuit Judge.

Plaintiff Joan R. Edwards filed a suit against The Great–West Life Assurance Company ("Great–West") in a Wisconsin state court seeking benefits allegedly due her under an employee welfare benefit plan formulated pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant removed the action to the court below under 28 U.S.C. §§ 1441 and 1446.

The suit was a claim for recovery of benefits under 29 U.S.C. § 1132. The question was whether plaintiff's deceased husband was eligible for death benefits, and the facts were stipulated. The district court entered judgment for plaintiff, resulting in this appeal.

Plaintiff's late husband, Thomas Edwards, was employed by Quad Graphics beginning January 3, 1990. Under the employee welfare benefit plan maintained by that concern, Mr. Edwards was eligible to participate upon satisfaction of the eligibility requirements of the plan. The plan provided general death and accidental death benefits upon the death of a covered employee. Quad Graphics purchased a group insurance policy from the defendant to fund the death benefits.

Great–West issued two group insurance policies providing for accidental death benefits and a specified death benefit. Both policies contained a clause defining employee eligibility and a clause defining the date of

---

* The Honorable Stanley J. Roszkowski, District Judge for the Northern District of Illinois, is sitting by designation.

effective coverage. The eligibility clause provided as follows:

### EMPLOYEES ELIGIBILITY FOR INSURANCE

An employee whose service commences on or after January 1, 1990, is eligible: the first day of the insurance month coinciding with or next following the date on which he completes 60 days of continuous service. Employees starting between the first and tenth of the month will be counted as having started on the first of that month.

The effective date clause provided:

### EFFECTIVE DATE OF AN ELIGIBLE EMPLOYEE'S INSURANCE

... It is, however, specifically provided that insurance of any employee who is not *actively at work* on the date his insurance would otherwise become effective shall not become effective until the date of his return to work. (Emphasis supplied.)

On February 27, 1990, Mr. Edwards went home from work at 3:30 p.m. and thereafter accidentally fell down the basement stairs of his Oconomowoc, Wisconsin, residence. He was hospitalized in a coma and died on the evening of March 1, 1990, thus missing his February 28 and March 1 shifts.

Mrs. Edwards was the designated beneficiary of her husband and submitted claims for specified death benefits and accidental death benefits under the plan. Great–West denied the claims on the ground that her husband was not "actively at work" on March 1, 1990, as required by the policies. Thereupon his wife filed this suit.

The district judge held that the phrase "actively at work" was satisfied because Mr. Edwards had been a Quad Graphics employee for 60 days before he died, thus supposedly satisfying the "actively at work" phrase and entitling Mrs. Edwards to recover. While sympathetic to such an interpretation, we cannot accept it. Therefore we reverse.

Our holding is in accord with the leading decision in point. Thus in *Todd v. Dow Chemical Company,* 760 F.2d 192 (8th Cir. 1985), being "actively at work" was also a condition precedent to an effective contract of insurance. As then-Chief Judge Lay explained in a persuasive opinion, this condition was not satisfied because Mr. Todd was hospitalized on the eligibility date and never returned to work before his death. This ruling is in accord with the ordinary common-sense meaning of the quoted phrase and is further buttressed by the additional language in the effective date clause that the insurance "shall not become effective until the date of his return to work." Mr. Edwards' coverage could not possibly become effective because on the effective date of March 1 he was in a coma and died that night.

Our construction of the phrase "actively at work" accords with the ordinary understanding that the employee must be at work or be capable of performing his job on the day the insurance is to commence. Therefore, the rule of *Phillips v. Lincoln Nat. Life Ins. Co.,* 978 F.2d 302, 308 (7th Cir.1992), that ambiguous terms in an insurance contract shall be construed in favor of the insured, does not apply.[1] That rule is limited to where there is

---

1. Plaintiff argues that the phrase "actively at work" is ambiguous because she believes that Great–West has improperly equated "actively at work" with another phrase that appears in its contracts of insurance, "actually at work." Reply Br. at 21. Great–West makes clear, however, that it does not equate these two phrases: "Actively at work" means, according to the defendant, that the employee was capable of working on the next regularly scheduled workday, while "actually at work" means that the employee was actually at work. See, *e.g.,* Opening Br. at 11. Hence according to Great–West if the employee's waiting period ended on a Saturday (and therefore the employee was not actually at work when the period ended), the employee would still be covered as of that Saturday just so long as the

employee was capable, on Saturday, of appearing at work on Monday.

While we agree with plaintiff that "actively at work" is susceptible to the narrower definition (the employee is actually at work) rather than the broader one suggested by defendant, this is not the type of ambiguity that allows plaintiff to invoke the doctrine of *contra proferentem.* "Rules of interpretation are tie-breakers ...," *Harnischfeger Corp. v. Harbor Ins. Co.,* 927 F.2d 974, 976 (7th Cir.1991), certiorari denied, — U.S. ——, 112 S.Ct. 189, 116 L.Ed.2d 150, and plaintiff's proposed "ambiguity" does not create a tie which we may break in her favor: Whether "actively at work" means, as defendant argues, capable of being at work on the next scheduled workday, or whether it means, as plaintiff sug-

genuine uncertainty; in addition, the insured's reading must be reasonable. *Harnischfeger Corp. v. Harbor Ins. Co.*, 927 F.2d 974, 976 (7th Cir.1991), certiorari denied, —— U.S. ——, 112 S.Ct. 189, 116 L.Ed.2d 150. Neither such condition is present here.

Other courts construing similar language are in accord with *Todd.* See, *e.g., Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 476 (1st Cir.1979) (alternative holding); *Elsey v. Prudential Ins. Co. of America*, 262 F.2d 432, 434 (10th Cir.1958); *Riggs v. Metropolitan Life Ins. Co.*, 977 F.2d 573 (unpublished), 1992 WL 237295 (4th Cir. Sept. 25, 1992); *Rabinovitz v. Travelers Ins. Co.*, 11 Wis.2d 545, 105 N.W.2d 807, 812 (1960); *Carnes v. Woodmen Accident and Life Co.*, 746 S.W.2d 105, 107 (Mo.Ct.App.1988); *Credeur v. Continental Assurance Co.*, 502 So.2d 214, 219 (La.Ct.App.1987); *Gulf Life Ins. Co. v. Hickey*, 476 So.2d 762, 763 (Fla.Ct.App.1985), citing *Starlite Services, Inc. v. Prudential Ins. Co. of America*, 418 So.2d 305, 307 (Fla.Ct. App.1982); *Smillie v. Travelers Ins. Co.*, 102 Mich.App. 780, 302 N.W.2d 258, 260 (Mich. Ct.App.1980).

If we held to the contrary, we would be rewriting the plan and in effect setting up a new insurance contract between Quad Graphics and Great–West. That would be impermissible. *Burnham v. Guardian Life Ins. Co. of America*, 873 F.2d 486, 490 (1st Cir. 1989). Although sympathetic to plaintiff, we cannot redraft this insurance contract. As the First Circuit put it in an analogous situation, "Courts have no warrant to redraft insurance contracts to palliate the effects of considered language on the occasional hard case." *Id.* at 491.

The judgment below is reversed with directions to dismiss this action.

gests, actually being at work, Mr. Edwards was not "actively at work" when he lay in a coma on the last day of the eligibility period.